UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE INDEPENDENCE PROJECT, INC., and RONALD MOORE, | Civil Action No. 18-15048 (FLW) (ZNQ) |
| Plaintiffs, | |
| v. | ORDER |
| SHORE POINT PLAZA, LLC, | |
| Defendant. | |

**THIS MATTER** comes before the Court on a Motion for Default Judgment filed by Keith Harris, Esq., counsel for Plaintiffs the Independence Project, Inc. (the "Independence Project") and Ronald Moore (collectively "Plaintiffs"); it appearing that Defendant Shore Point Plaza LLC ("Defendant") has filed no response to the Motion; the Court having reviewed Plaintiffs' submissions pursuant to Fed. R. Civ. P. 78, makes the following findings:

1. Defendant owns, operates, or leases Shore Point Plaza in Point Pleasant, New Jersey. (Am. Compl. ¶ 10.) Shore Point Plaza is a shopping center that contains various businesses, including Chinese Gourmet, Joe's Bagel & Grill, and Advance Hair Design.(*See id.* ¶¶ 10, 13.) Mr. Moore, a New Jersey resident, is a quadriplegic. (*Id.* ¶ 7.) The Independence Project is a New Jersey nonprofit representing the interests of its members, individuals with disabilities as defined under the ADA, by assuring places of public accommodation are accessible to and usable by the disabled. (*Id.* ¶ 8.) Plaintiffs allege that, prior to the commencement of this suit, Mr. Moore visited Shore Point Plaza "numerous times" and that, on these visits, he encountered "architectural barriers" at the property that "endangered his safety." (*Id.* ¶ 7.)

Specifically, Plaintiffs identify architectural barriers which can be grouped into the following categories: (1) parking and exterior accessible route, (2) access to goods and services, and (3) access to restrooms. (*Id.* ¶ 13.) Plaintiffs further allege that the accessible features of the property are not maintained, creating barriers to access. (*Id.*) According to Mr. Moore, he "plans to return to the property in the near future to avail himself of the goods and services offered to the public at the property" and "to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination." (*Id.* ¶¶ 7, 11.)

2. Plaintiffs filed this action on October 17, 2018.[1] (ECF No. 1.) Plaintiffs thereafter filed the Amended Complaint against Defendant on October 18, 2018, in which it asserts violations of Title III of the Americans with Disabilities Act and the New Jersey Law Against Discrimination ("NJLAD"). (Am. Compl.) Specifically, Plaintiffs seek a declaration that Defendant has violated the ADA and an injunction requiring Defendant "make all readily achievable alterations to the facility" or "make such facility readily accessible and useable by individuals with disabilities to the extent required by the ADA." (Am. Compl., at 8–9.) On May 31, 2019, Defendant was served with a copy of the Amended Complaint via substituted service to the New Jersey Department of Treasury pursuant to N.J. Stat. Ann. § 2A:15-30.1. (*See* ECF No. 17; ECF No. 24.) On August 21, 2019, the Clerk of the Court entered default against Defendant for failure to file an answer, or otherwise respond, to the Amended Complaint. (ECF No. 20.) On April 22, 2020,

---

[1] Plaintiff initially filed this action against JCR Management Services, Inc. (*See* ECF No. 1.) However, on November 8, 2018 JCR Management Services was voluntarily dismissed from the action. (ECF No. 7.)

      Plaintiffs filed the instant motion for default judgment. (ECF No. 23.) Defendant did not oppose the motion. At the outset, the Court finds that Defendant has been served properly.

3. The Court may enter default judgment under Federal Rule of Civil Procedure 55(b)(2) against a properly served defendant who does not file a timely responsive pleading. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008). Although cases are to be decided on their merits where practicable, whether to grant a motion for default judgment is "largely a matter of judicial discretion." *Id.* In ruling on a motion for default judgment, the Court accepts the well-pleaded factual allegations in the complaint as true but "need not accept the moving party's legal conclusions or allegations relating to the amount of damages," and must "ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Id.* at 535–36.

4. In addition to determining that the facts state a legitimate cause of action and that the movant has established its damages, the Court must "make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). The Court must also be satisfied that it has subject matter and personal jurisdiction, and that the defendant was properly served. *See Joe Hand Promotions, Inc. v. Batra*, No. 15-5863, 2017 WL 838798, at *2 (D.N.J. Mar. 2, 2017).

5. The Court is not satisfied that the preliminary requirements for default judgment have been met here. Specifically, Plaintiffs have not sufficiently demonstrated that they have

standing to sue for injunctive relief under the ADA.[2] To state a viable claim in federal court, a plaintiff is required to satisfy both the Article III constitutional minimum of a "case or controversy" and any prudential considerations set by the courts. *Clark v. Burger King Corp.*, 255 F. Supp. 2d 334, 341 (D.N.J. 2003). To satisfy the constitutional minimum of Article III standard, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Where, as here, a plaintiff seeks prospective injunctive relief, "plaintiff must show that he is 'likely to suffer future injury' from the defendant's conduct" to meet the injury-in-fact requirement. *McNair v. Synapse Grp. Inc.*, 672 F.3d 213, 223 (3d Cir. 2012) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983)). In that connection, "past exposure to illegal conduct does not show a present claim for injunctive relief." *Brown v. Fauver*, 819 F.2d 395, 400 (3d Cir. 1987). These general principles apply equally to cases under Title III of the ADA in which a plaintiff seeks injunctive relief.[3] *See Doe v. Nat'l Bd. of Med. Examiners*, 199 F.3d 146, 153 (3d Cir. 1999); *see also La. Counseling & Family Servs.*

---

[2]    It is well-established that "[t]he federal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.'" *United States v. Hays*, 515 U.S. 737, 742 (1995) (quoting *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 230–31 (1990)).

[3]    Title III of the ADA prohibits discrimination on the basis of disability in places of public accommodation. *See* 28 U.S.C. § 12182. More specifically, section 12182(b)(2)(A)(iv) provides that discrimination under Title III of the ADA includes "a failure to remove architectural barriers . . . that are structural in nature, in existing facilities . . . where such removal is readily achievable." 28 U.S.C. § 12188(a)(2) creates a private right of action under which individuals may sue for injunctive relief, "includ[ing] an order to alter facilities to make such facilities readily accessible to and useable by individuals with disabilities to the extent required by this subchapter."

*Inc. v. Mt. Fuji Japanese Restaurant*, No. 08-6143, 2014 WL 941353, at *6 (D.N.J. Mar. 11, 2014).

6. In other words, "under Title III, a plaintiff has standing to seek injunctive relief only if the plaintiff demonstrates both a past injury in the form of ADA discrimination and a future injury by showing that the injury will likely reoccur when the plaintiff returns to the place of discrimination." *La. Counseling & Family Servs. Inc.*, 2014 WL 941353, at *6. To determine whether a future injury is "concrete and particularized" for the purposes of an ADA claim, courts consider the likelihood of the plaintiff returning to the defendant's place of public accommodation. *Dempsey v. Pistol Pete's Beef N Beer, LLC*, No. 08-6143, 2009 WL 35844597, at *4 (D.N.J. Oct. 26, 2009). Courts in this District generally look to four factors to determine if a plaintiff is likely to return to a place of public accommodation: "(1) the plaintiff's proximity to the defendant's place of public accommodation; (2) the plaintiff's past patronage; (3) the definitiveness of the plaintiff's plan to return; and (4) the plaintiff's frequency of nearby travel." *Id.*; *see also La. Counseling & Family Servs. Inc.*, 2014 WL 941353, at *7.

7. Applying these factors, the Court finds that Plaintiffs have not demonstrated that Mr. Moore suffers from a real and immediate threat of injury.

8. Looking to the first factor, plaintiff's proximity to the place of public accommodation, there are no allegations in the Amended Complaint that Mr. Moore lives near Shore Point Plaza. Indeed, according to the Amended Complaint, Mr. Moore resides in New Providence, New Jersey. While Plaintiffs do not identify the distance between Mr. Moore's residence and Shore Point Plaza, the Court takes judicial notice that the

driving distance between Mr. Moore's resident and Shore Point Plaza is approximately 64 miles.[4] Generally, "as the distance between a plaintiff's residence and a public accommodation increases, the potential for the occurrence of future harm decreases." *Disabled Patriots of Amer., Inc. v. City of Trenton*, 2008 WL 4416459, at *4 (D.N.J. Sept. 24, 2008). Accordingly, the Court finds that the distance between Mr. Moore's residence and Shore Point Plaza militates against Mr. Moore's likelihood of return.

9. Next, the Court considers Mr. Moore's past patronage of Shore Point Plaza. Plaintiffs allege that Mr. Moore has visited the property "numerous times" and has encountered the enumerated architectural barriers. Even accepting this allegation as true, it alone is insufficient to demonstrate a likelihood that Mr. Moore will return to Shore Point Plaza. Notably, Plaintiffs have not pleaded sufficient facts to show the definiteness of Mr. Moore's plans to return to Shore Point Plaza. On this factor, Plaintiffs merely allege that Mr. Moore "plans to return to the property in the near future" and that he "desires to visit Shore Point Plaza not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA." (Am. Compl. ¶¶ 7, 11.) Mere desire to visit a place of public accommodation "is insufficient to show a real and immediate threat of a concrete and particularized injury." *Dempsey*, 2009 WL 3584597, at *5. Nor have Plaintiffs alleged whether Mr. Moore frequently travels nearby Shore Point Plaza, or that he has any connection to the area surrounding Shore Point Plaza. Without such allegations, the Court cannot fully evaluate the likelihood that Plaintiff

---

[4] Courts are permitted to take judicial notice of geographic distances. *Wyndham Hotels & Resorts, LLC v. Northstart Mt. Olive, LLC*, No. 19-2583, 2015 WL 1004018, at *3 n.2 (D.N.J. Mar. 6, 2015).

will return to Shore Point Plaza and if he suffers a real and immediate threat of harm due to Defendant's alleged ongoing violations of the ADA and NJLAD.

10. Plaintiffs similarly fail to show that the Independence Project, as an association, has standing to bring this matter. As association has standing to bring a suit on behalf of its members where: "(1) its members would otherwise have standing to sue in their own right; (2) the interests it seeks to protect are germane to the organization's purpose; and (3) neither the claim asserted nor the relief requested requires the participation in the lawsuit of each of the individual members." *Disabled Patriots of Amer., Inc.*, 2008 WL 4416459, at *7 (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 343 (1977)). Here, the Independence Project has not met the first prong because Plaintiffs have not established that Mr. Moore has standing to bring this suit. *See id.* (finding first prong was not met where individual plaintiff could not establish standing). While the Amended Complaint alleges that the Independence Project's members qualify as disabled under the ADA, "this alone does not demonstrate that the members all possess 'standing to sue in their own right.'" *La. Counseling & Family Servs. Inc. v. Mt. Fuji Japanese Restaurant*, No. 08-6143, 2011 WL 3273548, at *5 (D.N.J. July 27, 2011).

11. Because the Court finds that Plaintiffs have not carried their burden on standing, Plaintiffs' motion for default judgment is denied without prejudice. *See Dempsey*, 2009 WL 3584597, at *5 (denying motion for default judgment without prejudice as premature where plaintiff had not met burden of proving standing). The Court will, nevertheless, give Plaintiffs leave to file an amended complaint to cure the deficiencies identified in this Order.

Accordingly, and for good cause shown,

**IT IS** on this 29th day of October, 2020,

**ORDERED** that Plaintiffs' Motion for Default Judgment is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiffs are given leave to file an amended complaint consistent with this Order within 30 days of the date of this Order.

/s/ Freda L. Wolfson
Freda L. Wolfson
U.S. Chief District Judge