Keith Harris, Esq. (KH 4604)
Braff, Harris, Sukoneck& Maloof,
570 W Mount Pleasant Ave., Suite 200
Livingston, N.J. 07039
Telephone: (973) 994 6677
Facsimile:  (973) 994-1296
kharris@bhsm-law.com
and
John P. Fuller, Esquire, *pro hac vice*
Fuller, Fuller & Associates, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
Telephone: (305) 891-5199
Facsimile:  (305) 893-9505
jpf@fullerfuller.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON DIVISION

THE INDEPENDENCE PROJECT, INC., a New
Jersey Non-Profit Corporation, and RONALD
MOORE, Individually,

   Plaintiffs,
vs.              Case No.:  3:18-cv-15048-FLW-LHG

SHORE POINT PLAZA LLC, a New Jersey
Limited Liability Company,

   Defendant.
_____/

## SECOND AMENDED COMPLAINT
*(Injunctive Relief Demanded)*

  Plaintiffs, The Independence Project, Inc., a New Jersey Non-Profit Corporation, and Ronald Moore, Individually, on their behalf and on behalf of all other mobility-impaired individuals similarly-situated, (sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sue the Defendant, Shore Point Plaza, LLC, a New Jersey Limited Liability Company (sometimes referred to as "Defendant"), for Injunctive Relief, damages, attorney's fees, litigation expenses,

1

and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the New Jersey Law Against Discrimination (N.J.S.A.).

**COUNT I**
**VIOLATION OF TITLE III OF THE**
**AMERICANS WITH DISABILITIES ACT, 42 USC § 12181,** *et seq.*

1. Plaintiff, Ronald Moore, is an individual residing at 1002 Central Ave., New Providence, NJ 07974, in the County of Union.

2. Plaintiff, The Independence Project, Inc.., is a Non-Profit Corporation formed under the laws of the State of New Jersey. The Independence Project, Inc. maintains its principal office at 1002 Central Ave., New Providence, NJ 07974, in the County of Union.

3. Defendant, Shore Point Plaza, LLC, a New Jersey Limited Liability Company, holds title to the subject property alleged by the Plaintiffs to be operating in violation of Title III of the ADA.

4. Defendant's property, Shore Point Plaza is located at 632 Ocean Road Route 88, Point Pleasant, New Jersey 08742, in the County of Ocean.

5. Venue is properly located in the District of New Jersey because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

6. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. See also 28 U.S.C. § 2201 and § 2202.

7. Plaintiff Ronald Moore is a New Jersey resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA, being a quadriplegic. Plaintiff, Ronald

Moore has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety. Mr. Moore is also a member of the Plaintiff organization, The Independence Project, Inc., discussed below in paragraph 9.

8.      Plaintiff, Ronald Moore regularly drives his van to Point Pleasant, New Jersey at least five (5) times per year (during the spring, summer and fall seasons), with the exception of the period January, 2019 through March, 2020, when he was seriously ill, and couldn't travel, and the present period when travel is limited and not recommended due to Covid-19.

Mr. Moore goes to Point Pleasant, NJ to go to the beach, where he sometimes meets up with his daughter, who comes from her home in Barnegat, NJ, and to enjoy the area and its culture and in conjunction with his advocacy for disabled access to public accommodations.

Mr. Moore has been a customer for years of many public accommodations throughout Ocean County New Jersey, including Point Pleasant, New Jersey. He has been involved in ADA litigation with some of them, including, but not limited to: 1) The Richmond Center in Point Pleasant Beach, NJ; 2) Point 88 Shopping Center in Point Pleasant, NJ; 3) 500 Washington Avenue Shopping Center in Point Pleasant, NJ; 4) 1091 Pleasant Plaza in Lakewood, NJ and 5) Arrowheart_Shops in Brick, NJ.

Mr. Moore has visited the subject shopping center, South Point Plaza on numerous occasions, as he enjoys eating at Chinese Gourmet and Joe's Bagel & Grill, which restaurants are located in the subject shopping center. Mr. Moore definitely intends to return to the Shore Point Plaza in the near future, when it is safe to do so. Mr. Moore desires to not only return as a customer of the Shore Point Plaza, but also to ensure that the facility is brought into ADA compliance.

9.      Plaintiff, The Independence Project, Inc., is a Non-Profit New Jersey Corporation.

Members of this organization include individuals with disabilities as defined by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities.

10. The Independence Project, Inc. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant has compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. The Independence Project, Inc. has also been discriminated against because of its association with its disabled members and their claims.

11. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 C.F.R. 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Shore Point Plaza, and is located at 632 Ocean Road Route 88, Point Pleasant, NJ 08742.

12. The Independence Project, Inc. and Ronald Moore have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 14 of this Second Amended Complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant. Ronald Moore desires to visit Shore Point Plaza not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly-situated will have full and equal

enjoyment of the property without fear of discrimination.

13.  The Defendant has discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq*.

14.  The Defendant has discriminated, and continues to discriminate, against the Plaintiffs in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Shore Point Plaza has shown that violations exist. These violations that Ronald Moore personally encountered or observed include, but are not limited to:

    **A.**    **Parking and Exterior Accessible Route**

        1)    Parking spaces throughout Shore Point Plaza lack adequate van access aisles, contain slopes beyond limits within parking spaces and lack compliant accessible routes from accessible parking, violating Sections 402 and 502 of the 2010 Accessibility Standards. These conditions during numerous visits prevented Mr. Moore from unloading from his van freely and safely.

        2)    Shore Point Plaza fails to provide the required amount of compliant accessible parking spaces, violating Section 502 of the 2010 Accessibility Standards. The lack of accessible parking makes Mr. Moore park in open areas so he can unload freely and safely from his van.

        3)    Curb ramps provided to access stores at Shore Point Plaza are unsafe for wheelchair users and are not provided in some areas of the center. The curb ramps contain excessive slopes, abrupt changes of level and lack level landings, violating Sections 402 and 406 of the 2010 Accessibility Standards. Mr. Moore dealt with a lack of maneuvering space at the top of the curb ramp. These conditions are unsafe for Mr. Moore when he accesses the curb ramps.

    4)      The exterior accessible route from parking spaces and throughout Shore Point Plaza fails to provide a safe accessible route, violating Section 402 of the 2010 Accessibility Standards. Mr. Moore was forced to travel in the traffic area of the center to get to the curb ramp and had to deal with cross slopes while accessing tenants.

    5)      Shore Point Plaza fails to provide a safe accessible route to the adjacent bus stop, street or sidewalk, violating Section 206.2.1 of the 2010 Accessibility Standards. The current route provides an inaccessible ramp that lacks handrails. The lack of a compliant accessible route prevents the option of public transportation for Mr. Moore.

**B.**     <u>**Access to Goods and Services**</u>

    1)      Payment counters throughout Shore Point Plaza including Chinese Gourmet is mounted beyond the reach of Mr. Moore, violating Sections 308 and 904 of the 2010 Accessibility Standards.

    2)      Chinese Gourmet and Joe's Bagel & Grill fail to provide accessible dining tables for those in wheelchairs, violating Section 902 of the 2010 Accessibility Standards. Mr. Moore was unable to dine comfortably due to a lack of accessible tables.

    3)      Entering tenants is impeded by slopes beyond limits and/or abrupt changes of level at the base, violating Section 404 of the 2010 Accessibility Standards. Abrupt changes of level and slopes can cause damage to Mr. Moore's wheelchair.

**C.**     <u>**Restrooms**</u>

    1)      Restrooms at Shore Point Plaza including Joe's Bagel & Grill and Advance Hair Design were reported to be unsafe for use by the plaintiff. Inspection revealed Mr. Moore was unable to use the restrooms safely due to a lack of accessibility. Including, inaccessible water closets which lack proper controls and wheelchair maneuvering space violating Section 601 of the 2010 Accessibility Standards.

    2)      Restrooms at Joe's Bagel & Grill and Advance Hair Design provide dispensers beyond reach of wheelchair users and are inaccessible to the plaintiff, violating Section 308 of the 2010 Accessibility Standards.

    3)      Lavatories at Joe's Bagel & Grill and Advance Hair Design lack knee clearance and accessibility preventing the plaintiff from

       freely accessing the lavatory, violating Section 606 the 2010 Accessibility Standards.

4) Joe's Bagel & Grill and Advance Hair Design provide restrooms that contain improper centerlines for the water closets and flush controls mounted on the wall side, violating Section 604 of the 2010 Accessibility Standards. Mr. Moore was unable to access flush controls while in the restrooms due to improper location.

5) Using restrooms doors at Joe's Bagel & Grill and Advance Hair Design is impeded by round door knobs, improper signage and a lack of maneuvering clearance, violating Section 404 of the 2010 Accessibility Standards. Round door knobs, stored goods and maneuvering space impede Mr. Moore from easily accessing doors.

### D. **Maintenance**

1) The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR 36.211.

15. All of the foregoing violations are also violations of the 1991 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

16. The discriminatory violations described in paragraph 14 are not an exclusive list of the Defendant's ADA violations. Plaintiffs require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly-situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, the members of the Plaintiff group and all others similarly-situated will continue to suffer such discrimination,

injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

17. Defendant has discriminated against the individual and corporate Plaintiff by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. 36.302 *et seq*. Furthermore, the Defendant continues to discriminate against the Plaintiffs, and all those similarly-situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

18. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Considering the balance of hardships between the Plaintiffs and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

19. Plaintiffs have retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 C.F.R. 36.505.

20. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public

accommodation that have existed prior to January 26, 1992, 28 C.F.R. 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 C.F.R. 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 C.F.R. 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

21. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

22. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendants to alter Shore Point Plaza to make its facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

   **WHEREFORE,** Plaintiffs respectfully request:

A. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*.

B. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to

9

    and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

C.    An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

D.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.  The Order shall further require the Defendant to maintain the required accessible features on an ongoing basis.

## COUNT II
## VIOLATION OF NEW JERSEY LAW AGAINST DISCRIMINATION

23.    Plaintiffs reallege all prior obligations as if fully set forth herein.  Plaintiffs repeat the allegations contained in all of the proceeding paragraphs.

24.    Defendant's facility is a place of public accommodation as defined by N.J.S.A. 10:5-5, (New Jersey Law Against Discrimination).

25.    New Jersey law provides that all persons shall have the opportunity to obtain all the accommodations, advantages, facilities and privileges of any place of public accommodation without discrimination on the basis of disability.  This opportunity is recognized and declared to be a civil right.  (*See*, N.J.S.A. 10:5-4.)

26.    As a result of the aforementioned discrimination, Plaintiff, Ronald Moore has

sustained emotional distress, mental anguish and suffering and humiliation, and other injuries, in violation of the New Jersey Law Against Discrimination.

**WHEREFORE**, Ronald Moore demands judgment for injunctive relief, damages, attorneys' fees, litigation expenses, including expert fees and costs pursuant to the New Jersey Law Against Discrimination.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this **30th** day of **November, 2020**, a true and correct copy of the foregoing document was electronically filed via the Court's CM/ECF System.

WE FURTHER CERTIFY that on this **30th** day of **November, 2020**, a true and correct copy of the foregoing document is being sent via Certified U.S. mail, Return Receipt Requested to Shore Point Plaza c/o Registered Agent, New Jersey Secretary of State, 33 West State Street Trenton, NJ 08608, who will then serve the Registered Agent for the Defendant, Francis C. Foley, Esq., 908 Jordan Drive, Brielle, NJ 08730.

Respectfully Submitted,

**/s/Keith Harris**
Keith Harris, Esq. (KH 4604)
Braff, Harris, Sukoneck& Maloof
570 W Mount Pleasant Ave., Suite 200
Livingston, N.J. 07039
Telephone: (973) 994-6677
Facsimile:  (973) 994-1296
kharris@bhsm-law.com
and
John P. Fuller, Esq*., pro hac vice*
Fuller, Fuller & Associates, P.A.
12000 Biscayne Boulevard, Suite 502
North Miami, FL 33181
Telephone: (305) 891-5199
Facsimile: (305) 893-9505
jpf@fullerfuller.com
*Attorneys for Plaintiffs*